May it please the Court, my name is Gerald Gubin. I'm representing RNI Limited Partners. We're here today as both the appellant and cross-appellee, and I'd like to reserve at least two minutes for rebuttal. Keep track of your own time, and the clock counts down. The case I'd like to address involves three issues. One is the appeal, the validity of the appeal, from the Bankruptcy Court to the District Court, and Judge Leslie Kobayashi's dismissal of that appeal. The second is the appeal from the District Court to this Court, the Circuit Court. We are the cross-appellee in that. The trustee, Mr. Dane Field, is the appellant. The third issue is really trying to get to the substance of the matter, whether or not RNI, as, if you will, the victim who has been duped or gold into lending money pre-petition to the Maui industrial firm, has a restitution claim in order to mitigate its losses, and whether or not Section 510B of the Bankruptcy Code will subordinate the claim that RNI has. On the merits, since the District Court didn't reach them, Yes. And since we have to figure out whether we have jurisdiction, if you were successful on those other two issues, wouldn't we just send it back to the District Court to address the merits? Yes, we raised that, but the appellee raised the issue that you could de novo rule on the merits of the case. I find that unusual under the Silver Sage case, where this Court, under 28 U.S.C. 157D, does not have jurisdiction over an interlocutory appeal, much like a district court does. A district court can adjudicate an interlocutory appeal. Let's assume for one reason or another we didn't, and we let your opponent address why we should, we didn't wish to address the merits. I'm more interested in jurisdictional issues here because we've got, first, an issue of whether we can do anything, and second, an issue of whether the district court can do anything. So why don't you start with us? Yes. Why do we have jurisdiction? Well, we argued that this Court does not have jurisdiction for a de novo review of the Bankruptcy Court's Memorandum of Decision of May 16, 2010. And why not? We felt that, again, the cases that were cited by the Trustees' Council, in fact, indicated there was de novo review in the situation where this Court took review on appeal of a district court case. And where there is de novo review, this Court, the appellate court, was in as good a position as the district court to rule on the merits of the case. Well, let me, let me, I'm, I may be asking a different question than the one you're answering. Why was the notice of appeal timely or untimely with respect to us? Notice of appeal was, we believe it was timely. Okay. And tell me, here's, here's what, here's what I understand happened. And it depends on what, of course, what happened in the district court. But there was a Rule 8015 motion for reconsideration. That's correct. Which was not timely. No. It worked like this. But what, which the district court thought was, was appropriate, which the district court considered under merits because it, because of what it termed excusable neglect. That's correct, Your Honor. Okay. It was a Rule 8015 motion. Right. For reconsideration. Okay. Now, now, there is only one notice of appeal. And that notice of appeal occurs longer than the jurisdictional time from the, from the underlying decision, but shorter than the jurisdictional time from the denial of the 015 motion. My question is, why does that preserve our jurisdiction? Because. The, the rules seem to say that 8015 is not a time-extending motion. What it does is, in effect, vitiate any previous notice of appeal. And what you must do, then, is, is appeal the underlying judgment once it's over. So, tell, tell me, tell me what, where. Yes. Why, why we obtain jurisdiction. You have jurisdiction under the Rule of 8015. It says 14 days or any other time that the court may order. This has to be combined, as Judge Kobayashi did, with the Rule 9006B motion, excusable neglect. She was able to extend the time under both pioneer investment as well as the other Ninth Circuit cases to indicate that, yes, she felt that there was excusable neglect to allow the RNI to proceed with an appeal. She denied our motion for reconsideration or rehearing on that 8015 motion, but, nonetheless, she granted the motion for leave to file that motion for rehearing. And then the 30 days appeal to this Court runs when she denied it on February 27, 2011, when she denied our motion for rehearing. Well, let me ask the question differently. As I read the case law, I think you were required, at least the argument is, you were required to file a timely notice of appeal from the underlying judgment. That, that notice of appeal is suspended by your 8015 motion, and then you're required to appeal again after that. What's lacking here is a notice of appeal from the underlying judgment. Is that fatal to your case? No. As a matter of fact, as I read 8015 and 9006B, even though the 30 days hadn't run from the time that Judge Kobayashi's November 30, 2010, opinion, that time hadn't run yet. But we have an additional time. Once the 8015 is extended under Rule 9006B, then the 30 days begins to run when she denies the right to a rehearing. So, so if your 8015 motion had been timely, just timely without 9006B, would that have extended the time in which to file a notice of appeal or not? Yes. It would have? Okay. So, so then the question is, under 9006B, that permits, the district court then is permitting the act to be done where the failure to act was the result of excusable neglect. And so the question would be is, did the district court permit the motion for rehearing to be filed, or did the district court permit a timely motion for reconsideration to be filed? Because if all the, the district court did was to, to agree to entertain an untimely motion for reconsideration, that would not have extended the period in which to bring a notice of appeal. So, so how do we know which the district court did? The way I read Judge Kobayashi's opinion is under 8015 and 9006B, she granted motion for relief, strike that, motion for leave to file the right to motion for rehearing. That triggers, as I understand it, the 8015, that in fact you start the 30 days running from the time that she has denied our motion for rehearing or reconsideration. I don't believe that she got to or has to get to the issue whether or not the first appeal or the 30 days from the November 30th. Can I go back to a question Judge Akuta asked you and see if I understand your answer to it? Let's assume everything happens on the appropriate schedules here. Yes. The judge enters a judgment on day one and you file an 8015 motion within the, is it 14 days? 14 days, yes. Or time ordered by the court. Right. Time ordered by the rule. So in that case, would the 8015 motion in your view extend the time for you to file a notice of appeal from the underlying judgment? Yes, I believe it does run. Don't the notes to the rules say that 8015 motions are not time extending motions? It appears, though, that the last sentence of 8015 says that the time begins to run at the time that the motion is denied for the reconsideration. Okay. So the last sentence says if a timely motion for rehearing is filed, the time for appeal to the court of appeals shall run from the entry of the order denying rehearing or the entry of subsequent judgment. So you read that as saying if a timely motion for rehearing is filed, then a notice of appeal, the 30 days, doesn't start running until the district court either denies rehearing or, I guess, grants it. Is that what you're saying? Yes, Your Honor. That's how you read it. So the notes of the advisory committee rules seem to be inconsistent. Is there a way to read them harmoniously? The case law appears to read, though, as far as I'm able to call it in this circuit, that as soon as we lost, if you will, the motion for rehearing, even though the time was extended under 906B, that is the trigger for the 30 days to file the notice of appeal. Okay. So the plain language of 8015, that last sentence, says if a timely motion for rehearing is filed, the time for appeal shall run from the entry of the order, et cetera. That's right. So that suggests that the 30 days to file a notice of appeal starts, is extended, I guess, if a timely motion for rehearing is filed. And I take it that's how you read that? Yes, Your Honor, because of the first sentence of 8015. Okay. So you didn't file a timely motion for rehearing. You filed a late motion for rehearing that the district court accepted under 906B. Yes. And using that phrase, or by court order. In 8015. So by court order that Judge Kobayashi issued on February 27th, that under 906B extended the time for that 8015 motion for rehearing. When she denied that motion for rehearing under 8015, that's, as I read the plain language of 8015, that's when the 30 days to take an appeal to this Court began to run. So we have to read what the district court did as treating your late motion for rehearing as a timely motion for rehearing, and then the 30 days starts running after she denied it. That's correct, Your Honor. Is that correct? Because I read that unless the district court for the bankruptcy appellate penalty, or by court order, otherwise extends. Let me ask you this. If we were to read that language at the beginning of 8015, unless the district court for bankruptcy or by local rule or by court order otherwise provides, if we were to read that as a standing rule or a standing court order, and not a post  If we were to read that as a talk order excusing untimeliness in a particular case, do you lose? I don't believe so, Your Honor. I think that there is enough case law, at least in this circuit, with respect to 906B and the long excerpt that Judge Kobayashi cited from Judge Ezra's opinion in In Re Hawaiian Airlines to indicate that there, in fact, the 906B acts like, if you will, a springing motion back to the time within the period. Let me explain what's behind my question. As I read that introductory language to 8015, the reference to local rule or court order strikes me as most likely to be a reference to a standing order, which many courts have that say, well, okay, here's the rule for timeliness, but in this court, the rule for timeliness will be different. I don't read that language as including a court order that excuses what is otherwise untimely under 8015 or untimely under a standing rule or standing court, local rule or court order. No, I have to read that as a disjunctive, Your Honor. Well, I understand that, but I'm tempted to read it the way I just described. If that's the proper reading for it, I think at that point, in order to make your 8015 rule motion timely, such as the extension for the time for taking an appeal is triggered, you've got to show me somehow that the district judge's finding of excusable neglect makes what had been an untimely motion into a timely motion. I'm inclined to read a district judge who says, I'm going to excuse the untimeliness because of an excusable neglect. That doesn't mean that it wasn't untimely. It means the untimeliness is excused. How do you respond to that? I think that the way I read Judge Kobayashi, and that's the only one I can read in this context, is that, in fact, she said, by filing the excusable neglect, 9006B, 8015 motion, you are back to, and this is important, because what does she talk about, excusable neglect? She says that the delay was seven days. Instead of December 14th, it went to December 21st. I think she read it as if she was backing up that 8015 motion by the excusable neglect to bring it back to December 21st. I know your time is running out, and perhaps you wanted to address this when you get back up. I'm interested in the question of whether the district court, and I know you only have 56 seconds, so I'll leave that, but perhaps when you get back up. Why don't we let the time run so you get a chance to get your answer to that on the record so they know what they're responding to. So please feel free to answer the question. Yes. We think that the district court had jurisdiction because there was, although she dismissed it on the basis that there was no appeal, and she said herself she has no jurisdiction. We, of course, argued in our the first issue on this that, in fact, much like first tier mortgage, much like Jack Rayleigh, or contrary to Jack Rayleigh construction, there was, in fact, a timely notice of appeal file. Well, but here's the here's my problem. First tier says you should we should read the FRAP rule as only relating back when only ministerial acts have to be done after the filing of the notice of appeal. Yes. And here, putting aside the prejudgment interest issue, which I really do want to put aside, why you had a claim remaining. Pardon? You had a claim remaining in your complaint, and you decided voluntarily to dismiss it. That's surely not a ministerial act by the Court. Doesn't that put you flat in the first tier problem? We stipulated the dismissal. And if you'll read that stipulation, Your Honor, we say that that is for the very purpose of expediting final judgment, which came virtually that same day, lodged that same day, and then filed and signed by Judge Ferris. But wouldn't that create a hole in first tier that you could drive a truck through? No. Because everybody who wants an appealable order will then simply dismiss their remaining claims in order to have an appealable judgment. In first tier, that's exactly the end. First tier wouldn't stand for anything then, would it? But what we said, and we pointed out in the timing as well as the, if you will, all the way from the notice of appeal to the time that the final judgment was entered on that next Friday, seven days, including the three-day Memorial Day weekend, there appears to be, compared to Jack Rayleigh construction, an expedited procedure headed for a final judgment and a final judgment, and this is important, ministerial. Why is it ministerial? Well, have you submitted the motion, the stipulation to dismiss, before you filed your notice of appeal? No. It occurred afterwards. We filed the notice of appeal on May 27th. The stipulation to dismiss count three, the Federal Fraud and Transfer Act case, was dismissed on, filed on June 1st. Okay, and you weren't required to dismiss that. You could have decided in the bankruptcy court to continue to pursue that claim, could you not? That's up to the trustee. Remember, we were the defendants and we were the public. Right, right. But they could have decided to continue to pursue. They could, but they dismissed it. Right. And they then, that's why I'm having trouble viewing that as a ministerial act on the part of the Court. That's my difficulty. The ministerial act, and I don't want to take too much time, Your Honor. Was entering the stipulation. Yeah. But until the parties engaged in a non-ministerial act, the Court wasn't in a position to do that. Correct. We look at the ministerial act as comparing the, on the June 3rd final judgment, both the prejudgment interest, the per diem, and the final amount. Why is that ministerial? We consider it to be arithmetic. The judge has already determined that they're entitled to prejudgment interest. Yeah, I was accepting that for purposes of my question. And then we simply count the number of days. Okay, got it. Let's hear from the other side, but we'll make sure to give you a chance to respond. I don't know if I should. I'd rather go around the table. Good morning, and welcome to Hawaii. My name is Anther Painter. I'm here with Lisa Schultz. I represent the plaintiff, Trustee Dane Field, the appellant and cross appellee. I found the discussion between the Court and Mr. Gubin with respect to both the and I would like to address those, and I will do it in the order that you address them. With respect to this Court's jurisdiction, I think the questions you asked regarding Rule 8015 and 9006B1, parentheses 1 and 1, parentheses 2, were right on point. The notice of appeal to the District Court was untimely. The District Court dismissed the appeal as untimely. A untimely motion for reconsideration beyond the 14 days was filed. We pointed out to the Court in response that the motion for reconsideration is untimely. R&I then moved for permission to late-file that motion for reconsideration. The Court granted them the act, the permission to do the act. If you read 9006B, it's if you request a reconsideration within the time allowed, the Court can allow it. If it's after that time has expired, it's not timely. It can't be timely. The time has expired. But the Court can allow the act to be done. And the act that R&I wanted was to have a timely motion for reconsideration filed because filing an untimely one wasn't going to do them any good. Why can't we read 9006B12, I guess, that the act, permitting the act to be done, was the act of having a timely motion for reconsideration that could be considered by the Court? It doesn't have the language that we have in other rules that the Court could entertain an untimely motion for reconsideration. I believe the first part of the rule, it says, order the period enlarged if the request is made before expiration of the period. Right. So if they needed more time, if they knew in advance they needed more time, they could have asked for more time. If they missed the deadline, then they can ask for allowance, because of excusable neglect, to have a motion filed that would be deemed timely and entertained. So I'm not sure. I mean, those seem to be parallel things. One is if you know you don't have enough time to file, and the other is if you missed the date. Okay. The district court in granting their motion specifically said that they permit the late filing of the motion. They didn't grant non-proton relief or determine that that late motion was timely. And there's a reason why the district court would allow. So are you saying the district court would have to expressly state, in your view, if the district court said excusable neglect, you can file your motion for reconsideration, but unless the district court said, and I hereby deem it to be a timely motion for reconsideration, that it's merely allowing a late motion for reconsideration to be filed? Is that your view? In my view and in my reading of the rule and the advisory committee comments regarding the rule, I'm not sure that the district court really would have the power to make that tardily filed motion for reconsideration timely to toll the time for filing an appeal. Could the district court have granted leave to appeal under 803? Under these circumstances, I don't believe that it could. It could have considered the late filing of an appeal as a leave to appeal, but that would be an appeal from the memorandum decision. There never was any appeal from the final judgment. I want to walk through this here because, and I admit to some confusion, so this is to help me not to sort of trap you in opposition. Let's go back to the question we asked before. Let's assume that the 8015 motion had been filed timely. Would that have extended the time to file a notice of appeal from the underlying memorandum decision? It would have extended the time to file an appeal from the district court's dismissal. Right, yeah, the underlying dismissal. Correct. Now, whether or not that would give this court jurisdiction because for this court to have jurisdiction, it has to be appealed from a final judgment. Okay, that's what I'm trying to figure out. Here we have a case in which judgment gets entered on day one. The memorandum decision is judgment. It basically says I don't have any jurisdiction to consider your appeal. Well, I think – I'm sorry to interrupt. I'm sorry. Was it reduced to judgment before the notice of appeal was filed? Not at all. And I believe that your questions regarding first tier were right on point. No, I'm trying to separate here the question of the district court's jurisdiction from ours. So let's look at – I'm worried about our jurisdiction on appeal, at least initially. The district court enters a judgment at some point in time. Its memorandum decision is a judgment. I take it everybody's accepted it. Even the bankruptcy court? Well, the district court says at some point, I can't hear your case, I don't have jurisdiction. Okay. Right? Correct. And that's an appealable judgment of the district court. If a notice of appeal is filed. Right, right, yeah. Okay, we're in the same wavelength. There's that appealable judgment. Just let's assume it's entered on day one. On the 12th day thereafter, your opponent files an 8015 motion for rehearing. Would that extend the time to file a notice of appeal from that underlying judgment? The judgment saying, I don't have jurisdiction to hear it. I believe it would. Yes, okay. I believe it would. I think that would be a timely motion for reconsideration of the dismissal of the appeal, and that would preserve the time for appeal to this court. And if that point within 10 days or 14 days after the entry of the order denying the motion for reconsideration, a notice of appeal was filed, that would bring everything up to us appropriately? Within 14 days, correct. I believe so. Your position is that because the motion for reconsideration wasn't timely, it doesn't bring up the underlying judgment to us? I think the rule is very clear. Okay. I don't think it holds that time. I want to ask you a separate question. Why doesn't the notice of appeal at least allow us to review the judge's denial of the motion for reconsideration? Why wasn't it timely as to the district judge's denial of the 8015 motion, even if it wasn't timely as to the underlying judgment? Might be. I haven't considered that, but it might be. And if it is, this is a long way of going backwards, then we would have to figure out whether the district court, because the question is whether the district court had jurisdiction, why wouldn't that motion for reconsideration appropriately put in front of us the other issues you were addressing, which are the first-tier issues? I understand exactly, I think, where you're going. And there actually have been some recent cases regarding, unless I'm missing the point. I wasn't making a point, sir. Clearly, there's nothing to miss. My question is, there was, under any circumstance, a timely notice of appeal, if it is an appealable order on its own, from the denial of the 8015 motion. The 8015 motion basically says, no, no, her answer, the district court's answer to the 8015 motion is, no, no, I was right. There is no jurisdiction here on my end, because you didn't appropriately get yourself in front of us because of the first-tier problem. Why doesn't that, is that enough for us to have to get back to the district court's jurisdiction? I don't believe so, because I think the motion for reconsideration standards are much different than the court initially determining whether or not it has jurisdiction. I understand that what you're saying, or suggesting, is that perhaps the notice of appeal filed within 14 days of the denial of the motion for reconsideration might give this court appellate jurisdiction to review that denial. If we were dealing here with, for example, a Rule 59 motion, in coming up from the district court, and somebody didn't appeal the underlying judgment, but only appealed the denial of the Rule 59 motion, we would look at that. We would say, you filed a timely notice of appeal. What I can't find, the reason I'm asking these questions is I can't find in the case law anything that suggests to me that a Rule 8015 grant or denial is itself an independently appealable order. Can you help me out there? I don't think we found anything either, Your Honor. And I would go back to the literal reading of Rule 8015. And I agree. What it refers to initially is a standing order. And there is no standing order in this Court changing the time. You know, it's 14 days. There's no order that says it's 25 days or any other period. It's 14 days in this jurisdiction. I was asking a different question. Let's assume everything is timely. And the judge says, you're just wrong on your 8015 motion. And you say, these were new facts, so I'm not really fighting about the underlying judgment. I've come up with an argument I didn't have before. You should have granted me a rehearing, Judge, and she doesn't. And then you file a timely, then you file a notice of appeal simply from that. Can we review that? Can we review simply the denial or grant of an 8015 motion? I believe that you probably could. That would be my first reaction, because I believe that there was a notice of appeal that was filed within 14 days of the denial of that motion for reconsideration. So it might give the court jurisdiction to review the denial of the motion for reconsideration. I've taken your track, and I don't know whether others have questions, but I'm interested in your response to the question of the district court's jurisdiction. The last issue we asked your opponent to address. Yes, and I started to say earlier, I believe that your questions regarding first tier were exactly right on point. What we have here is a memorandum opinion granting a motion for partial summary judgment. Now, anybody knows that that's not a final order. But there is a rule in 802 that excuses a reasonable but mistaken belief that you are filing from a final order, and the Supreme Court has defined that as only, and I quote, a final appealable order. That was not the case here. Counts remained undecided. Yes, we did stipulate to dismiss those counts, but we certainly didn't have to. Prejudgment interest remained to be determined. We agreed upon that so a final judgment could be entered. Wasn't the prejudgment interest issue simply a matter of calculation? It was not, Your Honor, because there was nothing in the memorandum decision that set the date as to when the prejudgment interest would be calculated from. There was a statement saying that the trustee is entitled to prejudgment interest, and that prejudgment interest From the date of transfer. Right, from the date of transfer at 10%, but the dates of transfers were not in the memorandum opinion. They were in the complaint, but R&I denied those allegations of the complaint. They were in the motion for summary judgment. We submitted those dates. R&I disagreed and said, no, they're not entitled to prejudgment interest at, first of all, the amount this request. I thought the district court resolved that, or the bankruptcy court resolved that in its order, so that was done. I mean, you had all these arguments, but then the bankruptcy court said, you win, basically. So it's over. Yeah, in the final judgment, the calculation of the interest. It said, 10% for this period of time, you win. And so then it was just a matter of counting the days and multiplying by 10%, right? Well, if going back It's not your best argument. No. Your better argument is to count it. Yeah, and let me move to that for a second. I mean, I was troubled by first tier seems to take a very practical approach. It's premature. We shouldn't penalize the premature appeal if, as a practical matter, everything is done. And the argument that, well, there was a claim that was then immediately stipulated away, should prevent the appeal from going forward, should prevent the defendant from getting the appeal, seems very formalistic. So what sort of policy goals would be furthered by taking this highly formalistic approach to first tier's approach, which seems very pragmatic? Okay, I think it's a good question. I think you have to go back and you have to consider the history of the judiciary and the reasons behind maybe Rule 54B for certification and Rule 58, final judgment. Before appeals were filed, people didn't really know when to file a notice of appeal. What kind of orders do you appeal from? So 54B was instituted for interlocutory appeals and 58, Rule 58 of the Rules of Civil Procedure, said a separate document, separate judgment will be entered so that people knew when they have to appeal. If we are going to say, well, gee whiz, there was an interlocutory order, but there was a subsequent dismissal of claims, whether those claims were dismissed by the stipulation of the parties or whatever, then we're going to kind of take it all back to the dark ages of when do we have to appeal. The purpose of Rule 58 is to make a bright line. Your appeal is due after the entry of this final judgment. But doesn't first tier already eliminate the bright line and say, well, close enough here? Only to the extent that the interlocutory, if I will, order, if the order that was appealed from rather than the final judgment was such an order that had been previously considered to be appealable. Or first tier resolved all of the claims of all of the parties, those kinds of things. First tier may re-add brightness to the rule. 4A2 used to be confusing because nobody knew whether the notice of appeal, whether all acts that occurred thereafter qualified the notice of appeal. Maybe first tier re-illuminated it by saying that all that has to follow thereafter can only be ministerial. The district court's initial order must, in effect, be a final one. I take it that's your position. I believe so. And that was the clear language of first tier. And I do not believe that the dismissal of remaining counts is a ministerial act. I know you're over time, so I have a question I think you can answer yes or no. Assuming that we find that all your jurisdictional arguments fail and that the district court should have exercised jurisdiction in this case, do you want us to decide the merits or do you think the district court should? I believe that the district court has the power to review this on the merits de novo. I believe that this court has the power to review this. Why should we in the first instance, when there's a very capable district judge who's thought about the case and has a record? Why should we do it in the first instance other than it skips a step in the process, which is an argument for everybody to have us do it in the first instance. That's one reason. Is there any special reason here why we should do it in the first instance? It would be, I think, to the convenience of the parties of this court. But that's always the reason that we should do stuff in the first instance. And I think that the decision before this court on the merits would be relatively straightforward. I mean, I can boil them down. No, I was just looking to see if there was some special reason about this case. There was an event about to happen that was irreparable, that you needed a decision in front of or something. The answer is no. It just would be easier for everybody. Not unless there's any kind of concern about Stern v. Marshall issues, and we just don't see any in this case. Interestingly enough, the Supreme Court decided in Ray Bellingham yesterday that doesn't change anything. On the narrowest possible grounds, illuminating virtually no question of any interest. Absolutely. And Stern did nothing other than affirm this court's opinion in any event with respect to whether Vicki Marshall's counterclaims were. Okay. Thank you very much. Thank you. Now, we took you over time, and you've already gone over time. Let's put two minutes on the clock for response. Thank you, Your Honor. Let me address those two issues that were raised. With respect to the, if you will, district court's jurisdiction to hear the appeal from the bankruptcy court, we believe that under Gonzalez v. Texaco and the subsequent And, in fact, the ministerial, if you will, dismissal, stipulated dismissal of count 3, would allow this Court to have and the district court to have jurisdiction. Your Honor is correct. Once the judge decided that there was prejudgment interest at 10 percent, at the times adjudicated in the motion for summary judgment Appendix A, which we didn't object to and the court found, it was, if you will, arithmetic to calculate the numbers that ended up in the June 3rd, actually lodged on June 1st. But what about the claim that opposing counsel says will take us back to the dark age if we allow an appeal to happen when there's a claim outstanding? Well, not being a media legal loss specialist, Your Honor, I don't think that will. I think this Court has sufficient jurisdiction, as all courts do, to make sure that this appeal happens within a period of, if not weeks, not months, as in some of the other cases, days and hours. That's why I'm saying... But doesn't first year say, doesn't first year say the notice of appeal is effective if what the district court had done up to that point was a final judgment, just not reduced to finality? And at the point when you filed your notice of appeal, what the district court had done, you admit, was not appealable. We still have Gonzalez v. Texaco, the subsequent events doctrine, which in effect allows... Does the subsequent events doctrine survive first year? I think it does, Your Honor. In fact, it predates first year. Yes, but Gonzalez v. Texaco is a 2009 case from this Court.  I believe it does, Your Honor. But it does. It's a 2009 case. It's a Fed appendix case. It's not a published case, but it can be in effect used in this Court. Secondly, let me address the issue about the 815 and the 9006b. If this Court's going to read, it should have to file the notice of appeal or the motion for reconsideration or rehearing within the 14 days of 8015 in order to preserve your right to appeal to the circuit court. It reads out Pioneer Investment. You've simply read out of the entire statute 9006b. We believe you have to read 8015 and 9006b together so that, in fact, if the district court grants by excusable neglect the opportunity to file a motion for rehearing or appeal to this court, it begins to run from that denial. If the court is going to take the trustee's position, 9006b simply becomes surplusage. We don't believe that's the case. Pioneer Investment, Your Honors, indicate that they did mean it to mean something, that it does extend the time, extends the time for motion for rehearing and the time to appeal to this court. Okay. Thank you very much. Thank both sides for very helpful arguments. Maui Industrial Loan and Finance now submitted for decision.
judges: FLETCHER, IKUTA, HURWITZ